**Wyndell Keith WEATHERSBY,**
**Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 60949.**

Court of Criminal Appeals of Texas,
Panel No. 3.

Feb. 17, 1982.

Allen C. Isbell, court appointed on appeal only, Houston, for appellant.

Carol S. Vance, Dist. Atty., Michael C. Kuhn and Kay L. Burkhalter, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, W. C. DAVIS and McCORMICK, JJ.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for aggravated robbery. Punishment was assessed at ten years.

In grounds of error two through eight appellant contends he was denied effective assistance of counsel. These grounds of error point out numerous occasions on which trial counsel failed to object to inadmissible evidence or improper jury argument.

When appellant took the stand he was asked on cross-examination about the criminal character of his friends. This was improper, *Gant v. State*, Tex.Cr.App., 513 S.W.2d 52, yet no objection was made.

Two detectives testified to their opinions from their examination of the files in the case that appellant was guilty. This was improper, *Boyde v. State*, Tex.Cr.App., 513 S.W.2d 588, 590, yet no objection was made. Later, in jury argument, these opinions were again stated to the jury, and still there was no objection:

"And the key point here is a man that has had nothing to do with the prior investigation who is taking the statements, who is reading the whole file. And he believes that they committed the robbery, such that he goes down to the District Attorney's office, presents the file to the District Attorney's office and charges are filed, based on his experience and his beliefs.

"I think I can emphasize this strong enough. Certain people have a finesse or ability to talk to other people, to elicit facts, to investigate. And this is what this detective is paid to do, what he is hired to do. And he states that he believes it to be and still does. He stated from the stand he knew Keith Barnes was in prison for this offense, the offense of aggravated robbery."

It was also proven, without objection, that appellant's codefendant had been convicted of this offense, (in violation of *Bacon v. State*, 147 Tex.Cr.R. 605, 183 S.W.2d 177) and this was repeated in jury argument (in violation of *Bailey v. State*, Tex.Cr.App., 531 S.W.2d 628). Also, an improper question asserting that appellant and his friends had committed other robberies was asked without objection.

The effectiveness of counsel is to be judged by the totality of the representation. *Cude v. State*, Tex.Cr.App., 588 S.W.2d 895. Appellant was represented by retained counsel, and the standard for effectiveness is the same as in the case of appointed counsel. *Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980); *Ex parte Duffy*, Tex.Cr.App., 607 S.W.2d 507; *Hurley v. State*, Tex.Cr.App., 606 S.W.2d 887. In this case there were numerous occasions where improper and highly prejudicial evidence was admitted and jury argument presented, as outlined above. Each was received without objection. Although an isolated instance of failure to object would not necessarily render counsel ineffective, the impact in this case of the numerous such defaults leads us to the conclusion that appellant was denied effective assistance of counsel. *Cude v. State*, supra. See *Ruth v. State*, Tex.Cr. App., 522 S.W.2d 517; *Callaway v. State*, Tex.Cr.App., 594 S.W.2d 440.

Furthermore, we are unable to say the error was harmless due to several circum-

stances. Appellant presented several witnesses raising an alibi defense. The complaining witness was not positive about her in-court identification of appellant and had failed to recognize him in a line-up. Also, there were certain inconsistencies between her description of the robber given to the investigating officers and the appearance of appellant, and it was suggested that the earlier description more closely fit one of the witnesses who testified for the State. We are unable to say the matters that were presented to the jury without objection, and particularly the "expert" opinion of police officers that appellant was guilty, did not influence the jury's verdict of guilty.

The judgment is reversed and the cause remanded.