TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00037-CR






Jesse Williams, Jr., Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF CALDWELL COUNTY, 274TH JUDICIAL DISTRICT

NO. 98-111, HONORABLE CHARLES A. RAMSAY, JUDGE PRESIDING







 A jury convicted Jesse Williams, Jr. of two counts of indecency with a child and
assessed as punishment concurrent prison sentences of twenty years on count one and five years
on count two. He contends by two points that his trial counsel provided ineffective assistance. 
We will affirm the judgment.


BACKGROUND


 Williams and the victim's mother had a son together and lived together for a few
months. During that time, the victim (whom we will call "Anna" throughout this opinion), split
her time between their house and her father's house. Williams and Anna told different versions
of events that occurred on the evening of April 14, 1998.

 Williams testified that as Anna's mother prepared dinner, Anna asked him to give
her twenty dollars so that she could buy some marihuana. When he refused, she asked for a pack
of cigarettes, which he eventually bought and gave her. He testified that he regretted giving Anna
the cigarettes and, when he got up to go to work at 3:00 a.m., he went to Anna's room to retrieve
them. The victim's mother confirmed that he told her this story upon his arrest.

 By contrast, Anna testified that he touched her sexually twice in a brief period. She
said that on the evening of April 14, after asking if he could touch her, Williams rubbed her
thighs, exposed his penis, and placed her hand on his penis. She said he offered her five dollars
to have sex with him, and gave her a pack of cigarettes as a bribe to have sex with him. (She
otherwise testified, however, that she did not smoke.) She confirmed that he routinely got up to
go to work at 3:00 a.m., but that on April 15 he came into her room and kissed her on the mouth
and her nipple. Other witnesses, including her father's brother's common-law wife, testified that
Anna made an outcry to them within a couple of days regarding Williams's indecency with her. 
The victim's father testified regarding the changes in her personality since the incident; she had
become more withdrawn and moody, though her grades had improved because she was using the
time she previously would have spent socializing as study time.

 The grand jury indicted Williams for placing Anna's hand on his penis and for
placing his mouth on her breast. The jury found him guilty on both counts.


DISCUSSION


 Williams contends by two points of error that his attorney's actions or inactions
constituted ineffective assistance of counsel at the culpability and the punishment phases of trial. 

 We use one standard to examine counsel's performance at both phases of noncapital
trials. Hernandez v. State, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999) (applying Strickland
v. Washington, 466 U.S. 668, 687 (1984) to punishment phase). We first examine whether
counsel's conduct failed to meet an objective standard for reasonable performance and whether
that failure deprived the appellant of a fair trial. See Strickland, 466 U.S. at 687-88; Jackson v.
State, 973 S.W.2d 954, 956 (Tex. Crim. App. 1998). We look at the totality of the
representation. Ex parte Carillo, 687 S.W.2d 320, 324 (Tex. Crim. App. 1985); Mayhue v.
State, 969 S.W.2d 503, 510 (Tex. App.--Austin 1998, no pet.). There is a strong presumption that
counsel provided adequate assistance and made all the significant decisions in the exercise of
reasonable professional judgment. Strickland, 466 U.S. at 690. Counsel is allowed wide latitude
within reasonable professional standards to make tactical decisions. Id. We generally will not
speculate as to trial strategy. Mayhue, 969 S.W.2d at 511. The representation need not be free
of error. Ingham v. State, 679 S.W.2d 503, 509 (Tex. Crim. App. 1984). Though numerous
instances of failing to object to harmful inadmissible evidence could show ineffective assistance,
an isolated failure does not necessarily render counsel ineffective. See Weathersby v. State, 627
S.W.2d 729, 730 (Tex. Crim. App. 1982). Finally, the client must show a reasonable probability
that, but for counsel's errors, the result of the proceedings would have been different. Mayhue,
969 S.W.2d at 511.

 Proving counsel was ineffective is particularly difficult without an evidentiary
hearing on the issue of counsel's effectiveness. "In most instances, the record on direct appeal
is inadequate to develop an ineffective assistance claim." Ex parte Torres, 943 S.W.2d 469, 475
(Tex. Crim. App. 1997); see also Oldham v. State, 977 S.W.2d 354, 363 (Tex. Crim. App.
1998). In Oldham, the court held that, where the alleged derelictions primarily are errors of
omission rather than commission, collateral attack may be needed for a thorough examination of
the alleged ineffectiveness. Oldham, 977 S.W.2d at 363 (quoting Ex parte Duffy, 607 S.W.2d
507, 513 (Tex. Crim. App. 1980)).

 Williams contends by point of error two that his counsel was ineffective at the
culpability phase because he opened the door to evidence about Williams's prior conviction for
aggravated sexual assault of a child. See Tex. R. Evid. 404(a)(1)(A). (1)
 When the State requested
permission to introduce the prior conviction, it cited several instances of defense questions and
witness answers that opened the door. The district court allowed the State to introduce the
conviction without specifying on which of the instances it based its holding.

 On appeal, Williams discounts the door-opening effect of some of the State's cited
instances, but agrees that his trial counsel put his character into issue on three occasions. One was
by asking the victim's mother, "He was a good person, wasn't he?" He also complains of the
following exchange with the victim's mother regarding Williams's relationship with their son:


Q. What type of father is Mr. Williams to [your son]?


A. A good one.


Q. He took care of his responsibilities, correct?


A. Yes.


Q. He paid the bills?


A. Yes.


Q. And if the child has to see a doctor, he made sure that the child was well taken
care of medically, correct?


A. Yes.



Williams also complains that the following exchange with the victim's father opened the door to
character evidence:


Q. Have you ever had any reason to be afraid of Mr. Williams?


A. No, sir.


Q. Isn't it true that on some occasions you have dropped your daughter, [the
victim], in his custody?


A. And dropped in what way, sir? 


Q. At 1109 Pecos Street, which is his residence, haven't you dropped [the victim]
on numerous occasions at his house?


A. I have dropped her there on several occasions.


* * *



Q. In those instances, you've never really had a problem -- you've never really
had a reservation from doing so, from leaving [her] in his custody, right? 


A. No. I had never had a problem dropping them off, knowing that they were
going to spend the evening there with their mother and visit with them.



Williams contends on appeal, as did the State at trial, that the above exchanges constituted offers
of character traits and allowed the State to offer the prior conviction as rebuttal under the same
rule. See Tex. R. Evid. 404(a)(1)(A). He contends that, because the State could not have offered
this evidence had his counsel not opened the door, his counsel's assistance was deficient. 

 In gauging counsel's effectiveness, we must examine the entire representation, not
just one incident. See Weathersby, 627 S.W.2d at 730. Besides the events surrounding admission
of the prior conviction, we will look at counsel's pretrial preparation and performance in the
remainder of the trial.

 The record shows some pretrial activity by Williams's counsel. He filed a motion
in limine seeking to bar the use of the prior conviction. Counsel's lines of inquiry at trial did not
all stem directly from the direct examination, indicating that he did some pretrial investigation.

 Williams's counsel participated actively in the trial on the merits. He objected to
some of the State's questions--sometimes successfully--and cross-examined witnesses. He probed
the consistency of the victim's story, and tried to cast doubt on her credibility by challenging her
character and proposing possible motives for lying. He also exposed some inconsistencies in the
victim's mother's testimony. He also explored whether the failure to seek medical attention for
the victim after the alleged assault cast doubt on the veracity of the assault claims. Defense trial
counsel's questions slightly undermined the investigator's claims that he could detect false
accusers by gaining an admission that the investigator had never personally found a complainant
lying.

 Defense trial counsel successfully contested the admission of the prior conviction
as impeachment evidence under Texas Rule of Evidence 609. He objected that the ten-year range
of Rule 609 prevented the admission of the 1986 conviction in the 1998 trial. When the State
could not find evidence of a more recent conviction, it withdrew its offer under Rule 609.

 Finally, defense trial counsel strongly contested the admission of the prior
conviction as character evidence. As the State conceded at trial, the admissibility of the prior
conviction was a close question. The State could not find a case directly on point requiring
admission. Defense trial counsel argued that he did not open the door to the conviction because
his questions were merely in response to the State's asking Anna and her mother on direct
examination if Williams had ever hit them. Though he did not directly address his questions of
Anna's father whether he had qualms leaving Anna with Williams, defense trial counsel stated that
he never intended to open the door to character evidence. He also argued that the evidence should
be excluded under Texas Rule of Evidence 403 because it would unfairly confuse the issues at
trial.

 We conclude that Williams has not shown that his counsel's conduct fell below a
reasonable standard. Counsel had a strategic reason to ask the questions and argued against their
being interpreted to allow other character evidence; the district court exercised its discretion to
admit the prior conviction. Williams points to no other instances of deficient performance. Our
review of the record reveals much about the representation that was effective. Given this record
and the strong presumption in favor of adequate assistance, we cannot find that counsel's
performance was deficient. We therefore overrule point two without reaching the second prong
of Strickland concerning whether counsel's performance negatively affected the result of the trial.

 By his first point of error, Williams contends that his attorney "totally abdicated
his responsibility to provide appellant with a defense at the punishment phase of the trial." At
punishment, both sides waived opening argument. After the State introduced a stipulation as to
the 1986 sexual assault conviction and a 1987 driving while intoxicated conviction, the defense
rested without presenting any evidence. Williams said the State presented a vigorous closing
argument, but the defense waived closing argument. Williams contends that the complete failure
to participate at any phase of the punishment hearing was definitively ineffective. He points to
the fact that he received the maximum twenty-year sentence on count one, and implies that the
jury might have imposed a lesser sentence had his attorney made a plea for leniency.

 The record is virtually nonexistent on this point. Though the record does not
affirmatively show the strategic value of the defense remaining silent, we cannot state that silence
was not a valid strategic choice. Waiving opening argument following a similar waiver by the
State avoided revealing strategy to the State. Waiving presentation of evidence avoided the
possibility of opening the door to rebuttal evidence, an action Williams decries in point of error
two. Williams also fails to show error with this argument because the record is silent on what
witnesses defense trial counsel failed to call; there is no basis on which to declare that counsel was
ineffective if we are not shown what he failed to introduce. Waiving closing argument denied the
State rebuttal and forced it to stand on its completed argument which did not include a plea for
the maximum sentence; though Williams received the maximum imprisonment on count one, he
did not receive the maximum on count two and did not receive the maximum fine on either. On
this record, we cannot conclude that defense trial counsel was ineffective at punishment for
remaining silent. We overrule point one.


CONCLUSION


 Having overruled both points of error, we affirm the judgment.



 

 J. Woodfin Jones, Justice

Before Justices Jones, Kidd and Patterson

Affirmed

Filed: March 2, 2000

Do Not Publish

1. Texas Rule of Evidence 404 provides as follows:


Evidence of a person's character or character trait is not admissible for the purpose
of proving action in conformity therewith on a particular occasion, except:


(1) Character of Accused. Evidence of a pertinent character trait offered:


 (A) by an accused in a criminal case, or by the prosecution to rebut the same.



Though he did not directly address his questions of
Anna's father whether he had qualms leaving Anna with Williams, defense trial counsel stated that
he never intended to open the door to character evidence. He also argued that the evidence should
be excluded under Texas Rule of Evidence 403 because it would unfairly confuse the issues at
trial.

 We conclude that Williams has not shown that his counsel's conduct fell below a
reasonable standard. Counsel had a strategic reason to ask the questions and argued against their
being interpreted to allow other character evidence; the district court exercised its discretion to
admit the prior conviction. Williams points to no other instances of deficient performance. Our
review of the record reveals much about the representation that was effective. Given this record
and the strong presumption in favor of adequate assistance, we cannot find that counsel's
performance was deficient. We therefore overrule point two without reaching the second prong
of Strickland concerning whether counsel's performance negatively affected the result of the trial.

 By his first point of error, Williams contends that his attorney "totally abdicated
his responsibility to provide appellant with a defense at the punishment phase of the trial." At
punishment, both sides