TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00240-CR


NO. 03-99-00241-CR






Donald L. Smith, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF BEXAR COUNTY, 226TH JUDICIAL DISTRICT


NOS. 98CR0158 & 98CR0159, HONORABLE JAMES E. BARLOW, JUDGE PRESIDING 







 A jury convicted Donald L. Smith of intoxication manslaughter and failure to stop
and render aid. The jury assessed sentence for manslaughter at eleven years in prison. The jury
also assessed sentence for the failure to stop and render aid at five years in prison and a $240 fine;
on the jury's recommendation, the court suspended the prison sentence regarding this count and
placed Smith on community supervision probation for five years. We will affirm the judgments. 

 Smith drove a car involved in a three-car collision. One of the other drivers was
seriously injured and later died after being removed from life support systems. The third driver
was uninjured. Smith was dazed by the impact. He left his car and walked to a nearby
McDonald's restaurant. Evidence conflicted regarding whether he went to call for help or to leave
the scene. After police found Smith, they took him to the hospital. Test of a blood sample
showed that his blood-alcohol content almost two hours after the accident was .21, well over the
then-applicable level of .10.

 By a single point of error, Smith contends his trial counsel was ineffective in three
ways: (1) by failing to object to the introduction of intoxilyzer evidence, (2) by failing to object
to introduction of statements he made at the scene, and (3) by failing to move for a directed
verdict, thereby waiving an appellate challenge to the sufficiency of the evidence.

 We examine whether counsel's conduct failed to meet an objective standard for
reasonable performance and whether that failure deprived the appellant of a fair trial. See
Strickland v. Washington, 466 U.S. 668, 687-88; Jackson v. State, 973 S.W.2d 954, 956 (Tex.
Crim. App. 1998). We look at the totality of the representation. Ex parte Carillo, 687 S.W.2d
320, 324 (Tex. Crim. App. 1985); Mayhue v. State, 969 S.W.2d 503, 510 (Tex. App.--Austin
1998, no pet.). There is a strong presumption that counsel provided adequate assistance and made
all the significant decisions in the exercise of reasonable professional judgment. Strickland, 466
U.S. at 690. Counsel is allowed wide latitude within reasonable professional standards to make
tactical decisions. Id. We do not speculate as to trial strategy. Mayhue, 969 S.W.2d at 511. 
The representation need not be free of error. Ingham v. State, 679 S.W.2d 503, 509 (Tex. Crim.
App. 1984). Though numerous instances of failing to object to harmful inadmissible evidence
could show ineffective assistance, an isolated failure does not necessarily render counsel
ineffective. See Weathersby v. State, 627 S.W.2d 729, 730 (Tex. Crim. App. 1982). Finally,
the client must show a reasonable probability that, but for counsel's errors, the result of the
proceedings would have been different. Mayhue, 969 S.W.2d at 511.

 Smith contends that his counsel was ineffective for failing to use then-existing case
law to object to evidence of his blood-alcohol content ("BAC"). At the time of trial, the
prevailing opinion from the Fourth Court of Appeals held that the results of a BAC test taken
over an hour after an accident was no evidence of the driver's BAC at the time of the accident. 
See Mireles v. Texas Dep't of Pub. Safety, 993 S.W.2d 426, 443 (Tex. App.--San Antonio 1999)
(text of superseded en banc opinion), aff'd, 9 S.W.3d 128 (Tex. 1999). The trial in the case at
bar occurred before the en banc San Antonio court withdrew its previous en banc opinion in
Mireles, concluding on rehearing that the driver's BAC after the accident and physical condition
provided sufficient evidence to support the administrative law judge's conclusion that Mireles had
been driving with a BAC greater than .10. 993 S.W.2d at 431. The supreme court subsequently
affirmed the court of appeals, concluding that if BAC test results show intoxication beyond a
reasonable doubt, such results can provide substantial evidence to require affirmance of an
administrative license revocation. 9 S.W.3d at 131-32.

 We conclude that the failure to object to the BAC test did not change the result of
the trial because there was ample non-BAC evidence to show Smith's intoxication--including his
in-court concession of intoxication. The State had to prove that Smith drove his car in a public
place while intoxicated, and by reason of that intoxication killed someone by accident or mistake. 
See Tex. Penal Code Ann. § 49.08(a) (West Supp. 2000). (1) The trial court charged the jury under
two theories of intoxication--excessive BAC and "not having the normal use of mental or physical
faculties" by reason of the ingestion of alcohol (among other substances). See id. at § 49.01(2). (2) 
Aside from the BAC test, the State introduced evidence that Smith's breath at the scene smelled
strongly of alcohol, that he appeared intoxicated, and that he was unable to perform field sobriety
tests satisfactorily. Smith admitted drinking two double gin and sodas and a tequila shot within
two to three hours before the accident. Though Smith initially testified that he had been more
drunk on other occasions and did not feel his faculties were impaired at the time of the accident,
he eventually conceded he was intoxicated. The prosecutor asked, "Would you agree you
were--not just you had been drinking but you were intoxicated?" Smith responded, "Yes." He
then conceded that his intoxication had indirectly caused the accident. The admission of the BAC
test results is relatively insignificant in light of the admissions by the defendant. We therefore
conclude that the admission of the BAC test results did not affect the outcome of the case and,
accordingly, that defense counsel's failure to object to the admission of those results was not error
and did not affect the outcome of the case. 

 We are further convinced that counsel's failure to object to the BAC test results was
not ineffective because this case is distinct legally from Mireles. The BAC test results were
critical in Mireles because the State can administratively suspend a driver's license only upon
proof that the offender was driving a car in a public place with an excessive BAC. See Tex.
Transp. Code Ann. § 524.012(b)(1) (West 1999). The BAC level is a required element, and
evidence that might mislead the fact finder as to that level must bear heightened scrutiny. By
contrast, Smith was prosecuted in the criminal courts for intoxication manslaughter; BAC level
was but one way of showing intoxication and there was ample other evidence that Smith was
intoxicated. 

 Finally, we are convinced that counsel's failure to object to the BAC test results
did not constitute ineffective assistance because this case is distinct factually from Mireles. Unlike
in Mireles, the record in this case contained some extrapolation evidence. See Mireles, 993
S.W.2d at 437 (record lacks extrapolation evidence). Here, the State's expert testified that--based
on the passage of time between the accident and the test, the cessation of consumption of alcohol
no later than the accident, the defendant's weight, and the .21 test result-- Smith's BAC level at
the time of the accident was "certainly" higher than .20 and probably was around .23. On appeal,
Smith criticizes his trial attorney for not cross-examining the expert fully on the extrapolation
testimony, but such testimony would have gone to the weight of the testimony, not whether the
BAC test results were admissible under Mireles. More importantly, the evidence in this case
shows that even the original Mireles court probably would have held that Smith's BAC level
showed intoxication under the most generous extrapolation figures. The original Mireles opinion
cited research showing that BAC levels could rise .06 in 45 minutes after drinking ceased,
meaning that Mireles's .16 test over an hour after the accident could be compatible with a BAC
level below .10 at the time of the accident. See 993 S.W.2d at 439. Smith, however, tested at
.21; thus his BAC level would have had to rise .12 in the almost two hours after his accident. 
Nothing in the first Mireles opinion indicates any scientific research suggesting the possibility of
a rise of .12.

 Because there was much evidence of intoxication aside from the BAC test results,
we decline to find Smith's trial counsel ineffective for failing to object to the BAC test results or
find that the admission of those results led to a conviction that otherwise would not have occurred.

 Smith next argues that his counsel was ineffective for failing to object to the
introduction of statements he made at the scene and in the hospital. Smith contends that, had his
counsel objected, the trial court would have excluded the statements because he made them while
under arrest but without the benefit of the Miranda warning. Smith's trial counsel did, however,
file two motions aimed at suppressing oral and written statements. In the first, a motion to
suppress the defendant's statement pursuant to Jackson v. Denno, he contended that the conduct
of police so deprived him of constitutional liberties, including the right to counsel, that any
resulting statement was involuntary or coerced. In the second, a motion to suppress written or
oral statements of defendant, he contended that "[t]he statements, admissions or confessions
allegedly made by defendant were the product of custodial interrogation;" basing his complaints
on the federal and state constitutions as well as state law, he also contended that the statements
were not voluntary, were not given after the proper admonitions, and were taken in violation of
his right to counsel. After a pretrial hearing, the court orally overruled the motion to suppress. 
"After the trial court overrules a pretrial motion to suppress evidence, defendant need not object
to that same evidence at trial to preserve error on appeal." Dean v. State, 749 S.W.2d 80, 83
(Tex. Crim. App. 1988); Moraguez v. State, 701 S.W.2d 902, 904 (Tex. Crim. App. 1986). 
There is no signed order in the record, but the appellate rules require only an express ruling on
the motion and do not require a signed, separate order to preserve a complaint for appeal. See
Tex. R. App. P. 33.1. Because Smith's trial counsel adequately preserved the issue of the
admissibility of Smith's statements for appellate review by filing a motion to suppress that was
overruled, we decline to find Smith's trial counsel ineffective for failing to object again at trial.

 Finally, Smith complains that his counsel was ineffective for failing to move for
a directed verdict of acquittal against the indictment for failing to stop and render aid, thereby
waiving Smith's right to appeal the issue of sufficiency of the evidence. We find no requirement
that a criminal defendant file a motion for directed verdict in order to preserve complaints
regarding the sufficiency of the evidence for appeal; rather, courts have stated that no motion of
any type is necessary to preserve sufficiency complaints in criminal appeals. See Chesnut v. State,
959 S.W.2d 308, 311 (Tex. App.--El Paso 1997, no pet.) ("Factual insufficiency claims may be
raised for the first time on appeal."); Davila v. State, 930 S.W.2d 641, 649 n.7 (Tex. App.--El
Paso 1996, pet. ref'd); see also Collier v. State, 999 S.W.2d 779, 787 (Tex. Crim. App. 1999)
(dissenting op.) ("We do not require a defendant to request a directed verdict to preserve a
sufficiency claim on appeal."). Even if a motion were required, it would have been denied
because ample evidence supported submitting the cause to the jury for a decision on the elements
of the offense. Smith was the driver of a vehicle involved in an accident that resulted in the death
of a person, and he failed to stop and render aid. See Tex. Transp. Code Ann. § 550.021 (West
1999); Allen v. State, 971 S.W.2d 715, 717 (Tex. App.--Houston [14th Dist.] 1998, no pet.). 
Evidence of Smith's departure from his car to the nearby McDonald's, his decision to sit behind
a dumpster, and his repeated refusal to emerge when summoned by a police officer all support an
inference that he knowingly and intentionally failed to stop and render aid. Though other
evidence showed that he went to the McDonald's to call for help and was disoriented by his own
injuries, the evidence as a whole created a question for the jury, rendering a motion for directed
verdict futile. Counsel is not ineffective for failing to file a futile motion.

 We overrule the point of error and affirm the judgments of conviction.



 
 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Kidd and B. A. Smith

Affirmed on Both Causes

Filed: July 13, 2000

Do Not Publish
1. Amendments enacted during the 1999 legislative session were not applicable to this case. 
Those amendments added operators and assemblers of amusement rides to the list of persons who
can be prosecuted for intoxication.
2. The 1999 legislature lowered the minimum prosecutable BAC to .08. See Act of May 11,
1999, 76th Leg., R.S., ch. 234, § 1, 1999 Tex. Gen. Laws 1082, 1082. The previous level--
applicable to this case--was .10. See Act of March 28, 1985, 69th Leg., R.S., ch. 10, § 1, 1985
Tex. Gen. Laws 375, 375.



 benefit of the Miranda warning. Smith's trial counsel did, however,
file two motions aimed at suppressing oral and written statements. In the first, a motion to
suppress the defendant's statement pursuant to Jackson v. Denno, he contended that the conduct
of police so deprived him of constitutional liberties, including the right to counsel, that any
resulting statement was involuntary or coerced. In the second, a motion to suppress written or
oral statements of defendant, he contended that "[t]he statements, admissions or confessions
allegedly made by defendant were the product of custodial interrogation;" basing his complaints
on the federal and state constitutions as well as state law, he also contended that the statements
were not voluntary, were not given after the proper admonitions, and were taken in violation of
his right to counsel. After a pretrial hearing, the court orally overruled the motion to suppress. 
"After the trial court overrules a pretrial motion to suppress evidence, defendant need not object
to that same evidence at trial to preserve error on appeal." Dean v. State, 749 S.W.2d 80, 83
(Tex. Crim. App. 1988); Moraguez v. State, 701 S.W.2d 902, 904 (Tex. Crim. App. 1986). 
There is no signed order in the record, but the appellate rules require only an express ruling on
the motion and do not require a signed, separate order to preserve a complaint for appeal. See
Tex. R. App. P. 33.1. Because Smith's trial counsel adequately preserved the issue of the
admissibility of Smith's statements for appellate review by filing a motion to suppress that was
overruled, we decline to find Smith's trial counsel ineffective for failing to object again at trial.

 Finally, Smith complains that his counsel was ineffective for failing to move for
a directed verdict of acquittal against the indictment for failing to stop and render aid, thereby
waiving Smith's right to appeal the issue of sufficiency of the evidence. We find no requirement
that a criminal defendant file a motion for directed verdict in order to preserve complaints
regarding the sufficiency of the evidence for appeal; rather, courts have stated that no motion of
any type is necessary to preserve sufficiency complaints in criminal appeals. See Chesnut v. State,
959 S.W.2d 308, 311 (Tex. App.--El Paso 1997, no pet.) ("Factual insufficiency claims may be
raised for the first time on appeal."); Davila v. State, 930 S.W.2d 641, 649 n.7 (Tex. App.--El
Paso 1996, pet. ref'd); see also Collier v. State, 999 S.W.2d 779, 787 (Tex. Crim. App. 1999)
(dissenting op.) ("We do not require a defendant to request a directed verdict to preserve a
sufficiency claim on appeal."). Even if a motion were required, it would have been denied
because ample evidence supported submitting the cause to the jury for a decision on the elements
of the offense. Smith was the driver of a vehicle involved in an accident that resulted in the death
of a person, and he failed to stop and render aid. See Tex. Transp. Code Ann. § 550.021 (West
1999); Allen v. State, 971 S.W.2d 715, 717 (Tex. App.--Houston [14th Dist.] 1998, no pet.). 
Evidence of Smith's departure from his car to the nearby McDonald's, his decision to sit behind
a dumpster, and his repeated refusal to emerge when summoned by a police officer all support an
inference that he knowingly and intentionally failed to stop and render aid. Though other
evidence showed that he went to the McDonald's to call for help and was disoriented by his own
injuries, the evidence as a whole created a question for the jury, rendering a motion for directed
verdict futile. Counsel is not ineffective for failing to file a futile motion.

 We overrule the point of error and affirm the judgments of conviction.



 
 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Kidd and B. A. Smith

Affirmed on Both Caus