Opinion Issued November 26, 2003   














     





In The
Court of Appeals
For The
First District of Texas




NO. 01-01-00909-CR




JOHNNY FLOWERS, JR., Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 272nd District Court
Brazos County, Texas



Trial Court Cause No. 28,502-272




O P I N I O N Johnny Flowers, Jr., appellant, was charged with felony driving while
intoxicated (DWI).


 The jury found appellant guilty. The trial court, after finding
two enhancement paragraphs true, assessed punishment at 50 years’ confinement. In
12 issues presented for review, appellant argues that his trial counsel was ineffective. 
We affirm. 
Background
          On December 6, 2000, at approximately 7:30 in the evening, appellant
slammed the Mazda Protege vehicle he was driving into a parked red Ford pickup
truck in a residential area where cars were parked on both sides of the street. At the
time of the crash, Meggan Bradford, the owner of the parked car, was inside a friend’s
apartment along with some other friends. They heard a loud bang and ran outside. 
Outside the house, they noticed that a Mazda Protege, dragging metal behind it, was
slowly limping its way up the street. Jason Holmes, a friend of Bradford, reached the
driver’s door of the Protege, saw appellant, and helped him out of the car. Both
Holmes and Bradbury observed that appellant was disoriented, but they testified that
they were unsure whether it was from intoxication or from having been in a recent
automobile accident. 
          When the police arrived to investigate, Officer Brown of the College Station
Police Department began talking to appellant. At the scene, appellant admitted to
being the driver of the Protege that hit the Ford pickup. While talking to appellant,
Brown noticed that an alcohol odor emanated from appellant’s breath, that appellant’s
eyes were red and glassy, and that his speech was slurred. 
          Officer Brown then administered the horizontal gaze and vertical nystagmus
tests, to which appellant exhibited all six indicia of intoxication. Appellant was
unable to complete the one-leg stand sobriety test and was unable to retain his balance
on the nine-step walk-and-turn task. After completing the tests, appellant told Brown
that he had consumed only two beers. Flowers was then arrested. At the police
station, appellant refused to take either a breath or blood test to determine his alcohol
level. Discussion
          Standard of Review
          In 12 issues presented for review, appellant complains of ineffective assistance
of counsel during the guilt/innocence stage of his trial. In reviewing an ineffective
assistance of counsel claim, we evaluate the effectiveness of counsel under the two-pronged test enunciated in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052
(1984); Hernandez v. State, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999). First, the
defendant must show that his counsel’s representation fell below an objective
standard of reasonableness. Strickland, 466 U.S. at 688, 104 S. Ct. at 2064. To prove
this deficiency in representation, the defendant must demonstrate that his counsel’s
performance deviated from prevailing professional norms. Id.. Second, the defendant
must show prejudice. This requires the defendant to show that there is a reasonable
probability that, but for his counsel’s unprofessional errors, the result of the
proceeding would have been different. Strickland, 466 U.S. at 694, 104 S. Ct. at
2068. A reasonable probability is a probability sufficient to undermine confidence
in the outcome. Id. The failure to satisfy one prong of the Strickland test negates a
court’s need to consider the other. Id. at 697, 104 S. Ct. at 2069. Appellant bears the
burden of proving by a preponderance of the evidence that counsel was ineffective.
Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). 
          We cannot speculate beyond the record provided. Rather, a reviewing court
must presume that the actions were taken as part of a strategic plan for representing
the client. Young v. State, 991 S.W.2d 835, 837-38 (Tex. Crim. App. 1999). 
Appellant must overcome the presumption that trial counsel’s strategy was sound and
affirmatively demonstrate the alleged ineffective assistance of counsel. Rylander v.
State, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003); Tong v. State, 25 S.W.3d 707,
712 (Tex. Crim. App. 2000); Thompson, 9 S.W.3d at 813-14. 
          Ineffective Assistance of Counsel Issues 
          Prior DWI Convictions 
          In his first four issues presented for review, appellant argues that he was denied
effective assistance of counsel by his trial counsel’s failure to prevent the jury from
learning of his prior DWI convictions. All four issues are governed by the recent
Court of Criminal Appeals decision in Hollen v. State, No. 1592-02 (Tex. Crim. App.
Sept. 10, 2003). 
          In Hollen, the Court of Criminal Appeals addressed whether the jury should be
informed of a defendant’s stipulation to two prior DWI convictions and whether the
stipulation itself was admissible. Id., slip op. at 2. The facts of Hollen are quite
similar to the present case. In Hollen, appellant was indicted for felony DWI, and the
indictment contained allegations of two prior DWI convictions, to which appellant
provided a stipulation. Id., slip op. at 2. Although the State refrained from
introducing any extrinsic evidence of the convictions stipulated to by appellant at
trial, appellant argued that the State should not have been permitted to mention the
prior convictions, including the stipulation, at any time. After appellant’s objections
were overruled, the indictment allegations regarding the prior convictions were read
to the jury; the State referenced the prior convictions in voir dire, opening statement,
and closing argument; the stipulation was admitted into evidence; and the jury charge
mentioned the prior convictions along with a limiting instruction. Id. 
          The Court of Criminal Appeals noted that prior case law had (1) emphasized
that the two prior convictions are jurisdictional elements that must be proved in order
to convict a defendant for felony DWI, and (2) suggested that the jury should be
informed of the stipulation because the prior convictions stipulated to must be proved
to establish and prove felony DWI. Hollen, No. 1592-02, slip op. at 6-7; see 
Hernandez v. State, 109 S.W.3d 491, 495 (Tex. Crim. App. 2003); Barfield v. State,
63 S.W.3d 446, 448 (Tex. Crim. App. 2001). Therefore, the Court concluded that the
jury could be informed of the stipulation and the stipulation could be admitted into
evidence. Hollen, No. 1592-02, slip op. at 7. Furthermore, “since the two prior
offenses were validly mentioned in the indictment and validly introduced into
evidence via the stipulation, there was likewise no error in the jury instructions
[referring to the two prior convictions], and the prior convictions were the legitimate
subject of voir dire, opening statements, and closing arguments.” Id. at 7-8.           In the present case, appellant contends that his trial counsel was ineffective
because he (1) failed to prevent the State from mentioning to the venire that appellant
was charged with a felony DWI offense and had two prior DWI convictions, (2)
failed to object to the State’s reading of the DWI enhancement paragraphs to the jury
at the beginning of the trial, (3) failed to object to the State’s publication to the jury
of appellant’s stipulation to the DWI enhancements, and (4) failed to object to the
mention of the DWI enhancements in the jury charge. However, all of these points
can be dismissed under Hollen because, even if counsel had objected, the trial court
would not have erred in admitting the testimony or evidence. Therefore, appellant
cannot demonstrate counsel’s performance fell below an objective standard of
reasonableness on this basis. 
          We overrule appellant’s first through fourth issues. 
          We affirm the judgment of the trial court.
Publish. Tex. R. App. P. 47.
The remaining portion of the opinion does not meet the criteria for publication and
is ordered unpublished. See Tex. R. App. P. 47. 

                                                                

          Range of Punishment During Voir Dire 
          In his fifth issue, appellant argues that trial counsel was ineffective for failing
to object to the prosecutor’s voir dire examination on graduated ranges of punishment
when appellant had elected to be punished by the court. However, the record is silent
as to trial counsel’s reasons for proceeding as he did. We will not reverse a
conviction on ineffective assistance grounds when counsel’s actions or omissions
may have been based on strategic decisions and the record fails to provide an
explanation for the decisions. Rylander, 101 S.W.3d at 110. We overrule appellant’s
fifth issue. 
          Questioning Venire About Limiting Instruction
          Appellant’s sixth issue contends that trial counsel was ineffective for failing
to ask the venire members if they would be able to follow a limiting instruction
concerning appellant’s two prior DWI convictions. Here, the record is silent as to
trial counsel’s reasons for proceeding as he did. We will not reverse a conviction on
ineffective assistance grounds when counsel’s actions or omissions may have been
based on strategic decisions and the record fails to provide an explanation for the
decisions. Id. We overrule issue six. 
          Instruction to Jury Regarding Prior DWIs
          In his seventh issue, appellant argues that counsel was ineffective for failing
to request an instruction to the jury not to consider the DWI prior convictions as
evidence of guilt. Although counsel did not request a limiting instruction after the
evidence was admitted, the court provided one in the charge. The court’s charge
included the following limiting instruction: “With respect to the evidence admitted
in this case concerning the defendant’s having been twice convicted of the offense of
driving while intoxicated, you are instructed that such evidence cannot be considered
by you in any manner as proving or tending to prove that the defendant did drive or
operate a motor vehicle in a public place while intoxicated on or about the 7th day of
December, 2000.” Appellant has not satisfied the Strickland test. We overrule
appellant’s seventh issue. 
          Opening Statement
          In issue eight, appellant claims trial counsel was ineffective for failing to make
an opening statement. The record reveals that appellant’s trial counsel did make an
opening statement immediately after the state’s opening. We overrule issue eight. 
          Offer of Proof
          In his ninth issue, appellant contends that trial counsel was ineffective for
failing to make an offer of proof of the testimony of appellant’s nephew, Demarcus
Flowers, to preserve the issue for appeal. Appellant’s defensive theory was that
appellant’s behavior was not caused by alcohol but by an injury received in the car
accident. Appellant’s trial counsel wanted to introduce appellant’s statement made
to the arresting officer at the scene of the accident through the testimony of 
Demarcus Flowers. In his brief, appellant contends that Demarcus Flowers would
probably have testified that appellant told the officer that “he had hit his head in the
accident and was experiencing some problems with equilibrium, normal thought
process, or the like.” Appellant’s assertions of what Demarcus Flowers would have
said in the offer of proof is not in the record. We do not consider evidence outside
the record. The record establishes only that the State’s hearsay objection was
sustained. Appellant argues the testimony was admissible and that trial counsel’s
failure to take the necessary steps to preserve this complaint for appeal constitutes
ineffective assistance. Appellant’s claim must fail because he presents no evidence
to overcome the strong presumption that his counsel’s failure to make an offer of
proof as to the proposed testimony was strategic and, therefore, within the wide range
of reasonable representation. We overrule appellant’s ninth issue. 
          Impeachment Testimony
          In issue 10, appellant claims trial counsel was ineffective for failing to object
to impeachment evidence or for failing to request a limiting instruction regarding the
impeachment of Demarcus Flowers. Appellant argues that trial counsel allowed the
State to impeach Demarcus Flowers with irrelevant evidence that he was currently
serving time in a state jail facility. 
          On direct examination, Demarcus Flowers testified that, when he arrived at the
scene of the accident, appellant told him that he had an accident and hit his head and
was dizzy. Demarcus Flowers also testified that he was currently serving a state jail
sentence and he noted that he was not receiving any benefit from testifying at
appellant’s trial. On cross-examination, the State impeached Demarcus Flowers with
his own testimony that he was serving time in a state jail facility for a felony
conviction of possession of a controlled substance. Evidence of a felony conviction
may be offered, as it was here, to impeach the credibility of a witness if the probative
value outweighs the prejudicial effect of the evidence. Tex. R. Evid. 609(a); see
Pierre v. State, 2 S.W.3d 439, 442 (Tex. App.—Houston [1st Dist.] 1999, pet. ref’d). 
In the present case, even if the prejudicial effect of the impeachment evidence did
outweigh its probative value, a trial counsel’s isolated failure to object to inadmissible
evidence does not amount to ineffective assistance of counsel. Weathersby v. State,
627 S.W.2d 729, 730 (Tex. Crim. App. 1982). 
          Finally, when it is clear that testimony is being used only for impeachment
purposes, no limiting instruction is necessary. Cantrell v. State, 731 S.W.2d 84, 95
(Tex. Crim. App. 1987). Here, it was clear the State was simply impeaching
Demarcus Flowers with his prior felony conviction. As a result, no limiting
instruction was necessary, and appellant’s trial counsel was not ineffective. We
overrule appellant’s tenth issue. 
          Rebuttal of a Defense Witness
          In his eleventh issue, appellant argues that he was “denied effective assistance
of counsel by his trial attorney’s failure to object to the prosecutor’s rebuttal of a
defense witness with statements from an affidavit, in violation of the hearsay rule and
appellants right to confront and examine witnesses.” However, appellant fails to cite
to the record where this occurred. The failure to cite to the record presents nothing
for review on an ineffective assistance claim. See Thompson v. State, 915 S.W.2d
897, 906 (Tex. App.—Houston [1st Dist.] 1996, pet. ref’d). We overrule appellant’s
eleventh issue. 
 
          Jury Argument
          In his twelfth issue, appellant asserts that trial counsel was ineffective for
failing to object to the State’s improper jury argument. In particular, appellant objects
to the following prosecutorial argument:
The issues—you have to decide because you
made—he made a decision last December when he had too
much to drink to get in that car and drive, okay? So now
you get to make the decision, and your decision is: Would
you have wanted him behind the wheel of a car that night? 
From everything you heard from the officer, from
everything you could see on the videotape, I encourage you
to watch it, would you have wanted him behind that car? 
And if you would, then go ahead and find him not guilty,
because that’s what you will be saying by your verdict. 
And Officer Brown will know what to do next time that he
sees somebody in the condition Mr. Flowers was in–just let
him go. 

          There are four permissible areas of jury argument: (1) summation of the
evidence, (2) reasonable deductions from the evidence, (3) answers to the argument
of opposing counsel, and (4) pleas for law enforcement. Cifuentes v. State, 983
S.W.2d 891, 895 (Tex. App.—Houston [1st Dist.] 1999, pet. ref’d). Appellant
contends this was not a proper plea for law enforcement, and thus, trial counsel’s
failure to object constitutes ineffective assistance of counsel. We disagree. 
          In its jury argument, the State may properly plead for law enforcement. This
includes arguing the relationship between the jury's verdict and the deterrence of
crime in general, arguing that juries should deter specific crimes by their verdicts, and
arguing the impact of the jury's verdict on the community. Borjan v. State, 787
S.W.2d 53, 56 (Tex. Crim. App. 1990). A prosecutor may also argue that juries
should deter specific crimes by their verdict. Id. at 55. On the other hand, the State
is not permitted to argue that the community or any particular group in the community
demands or expects a verdict of guilty or a specific punishment. Id. 
          In the present case, the State’s argument at issue constitutes a proper plea for
law enforcement. Consequently, appellant has not shown that his counsel was
ineffective. We overrule appellant’s twelfth issue.
Conclusion
          We affirm the judgment.
 
 
Evelyn V. Keyes
                                                             Justice

Panel consists of Chief Justice Radack and Justices Keyes and Alcala.
Publish in part. Tex. R. App. P. 47.