Affirmed and Memorandum Opinion filed October 6, 2005









Affirmed and Memorandum Opinion filed October 6, 2005.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-04-00420-CR

NO. 14-04-00421-CR

_______________

 

MARTIN HILL, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

___________________________________________________

 

On Appeal from the 209th District Court

Harris County, Texas

Trial Court Cause Nos. 951,645 &
956,181

___________________________________________________

 

M E M O R A N D U M  
O P I N I O N

 

Martin Hill appeals two convictions
for aggravated sexual assault of a child[1]
on the grounds that: (1) the trial court abused its discretion in granting the
State=s challenges for cause; (2) he was
denied effective assistance of counsel; and (3) the evidence is factually
insufficient to support his convictions. 
We affirm.

 








Appellant=s first and second points of error
contend that the trial court abused its discretion by granting the State=s fifteen challenges for cause
because: (1) the State=s questions called for an improper commitment on the part of
venire persons regarding the Aone witness rule@; (2) the trial court failed to
require the State to pose the question and explain the law to each venire
person it challenged individually; (3) the State=s questioning did not demonstrate
whether the negative responses of the venire panel members to the questions
were based on their understanding of reasonable doubt or the Aone-witness rule@; and (4) the State did not ask
whether the panel members could put aside their personal beliefs and follow the
law.[2]  Appellant=s third and fourth points of error
similarly argue that he was denied his right to effective assistance of counsel
because his trial counsel failed to: (1) object to the State=s commitment question regarding a
venire person=s ability to convict under the Aone witness rule@ (on the ground that it did not
adequately demonstrate the reason for a panel member=s inability to convict on the
testimony of one witness); (2) ask the State to repeat its question regarding
this rule to each venire person before he or she was excused; and (3) ask to
rehabilitate each venire person who indicated he or she could not follow the Aone witness rule.@

A defendant has no right to have any
particular person on the jury, but only to have the jurors who serve be
qualified.  Jones v. State, 982
S.W.2d 386, 393 (Tex. Crim. App. 1998). 
Therefore, to demonstrate reversible error from the granting of a
challenge for cause, an appellant must show that it deprived him of a lawfully
constituted jury, that is, a jury composed of qualified persons.[3]  For this purpose, jurors are presumed
qualified absent some indication in the record to the contrary.[4]








Appellant=s brief contends that excusing 15
jury panel members who might have been basing their response on their
understanding of Areasonable doubt@ deprives him of a lawfully
constituted jury.  However, it he neither
cites authority, nor provides any rationale, to support this contention and it
is not apparent how the exclusion of panel members even bears on whether those
who ultimately served on the jury were qualified.  Under these circumstances, appellant=s first, second, third, and fourth
points of error fail to show reversible error with regard to the State=s challenges for cause based on the Aone witness rule.@ 
Therefore, they are overruled.

Appellant=s fifth point of error contends that
his counsel was ineffective for failing to object to the State=s open-ended voir dire questions
regarding the presence or absence of physical proof of penetration, reasons for
delayed outcry, and assessing a complainant=s credibility because these were
improper Acommitment@ questions involving the facts of the
case.

Commitment questions are those that
require a venire panel member to promise that he will base his verdict or
course of action on some specific set of facts before he has heard any
evidence, let alone all of the evidence in its proper context.  Sanchez v. State, 165 S.W.3d 707, 712
(Tex. Crim. App. 2005).  Such questions
are improper when: (1) no possible answer to the question would give rise to a
challenge for cause; or (2) the question includes facts beyond those necessary
to establish a challenge for cause.  Id.  In determining the harm from overruling an
objection to an improper commitment question, a variety of factors are
relevant, such as whether any panel members who agreed to commit themselves
actually served on the jury.  Id.
at 713-14.








In this case, appellant=s brief cites various pages of the
record at which improper commitment questions were allegedly asked, but does
not specify to which questions on those pages it refers, why any of those
questions were commitment questions at all, let alone improper ones, whether
any panel members committed themselves in reply to each of the questions,[5]
or whether any who committed themselves actually served on the jury.  Because appellant=s fifth point of error thus fails to
demonstrate that his counsel=s failure to object to any improper commitment questions was
ineffective assistance, it is overruled.

Appellant=s sixth point of error argues that he
was denied his right to effective assistance of counsel because his trial
counsel did not object to a question in which the State asked the outcry
witness, Officer Abad, whether she believed the complainant, and, thus, according
to appellant, whether the complainant was truthful and the appellant was
guilty:

Prosecutor:                So, when you were talking to her,
did you believe her?

Officer Abad:             Yes.

A failure to object to evidence can
be ineffective assistance only if the evidence was inadmissible.  See Ortiz v. State, 93 S.W.3d 79, 93
(Tex. Crim. App. 2002).  To support his
contention that the foregoing evidence was inadmissible, appellant cites cases
holding that: (1) an expert witness is not permitted to give an opinion
that the complainant (or a class of persons to which the complainant belongs)
is truthful;[6]
and (2) no witness is competent to voice an opinion as to the guilt or
innocence of a defendant.[7]  In this case, however, Officer Abad was
neither offered as an expert witness, nor asked to give an opinion whether the
complainant was truthful or appellant was guilty; but only whether she believed
the complainant at the time of the conversation.  Because appellant=s sixth point of error does not cite
authority holding such evidence to be inadmissible, it does not show that
counsel=s failure to object to this question
was ineffective assistance of counsel. 
Accordingly, it is overruled.

Factual Insufficiency of Evidence








Appellant=s seventh and eighth points of error
contend that the evidence is factually insufficient to support his convictions
because (1) the complaining witness=s outcry statements and testimony
were devoid of essential detail, such as the date or time of the misconduct or
what the parties were wearing; (2) the complaining witness was repeatedly
impeached; and (3) numerous witnesses testified that the complainant and her
mother did not have good reputations for being truthful.  In reviewing factual sufficiency, we view all
the evidence in a neutral light, both for and against the finding, and set
aside the verdict only if proof of guilt, while adequate if taken alone, is
greatly outweighed by contrary proof.  Vodochodsky
v. State, 158 S.W.3d 502, 510 (Tex. Crim. App. 2005).

In this case, because appellant cites
no contrary proof, we look only to whether appellant has shown that the proof
of guilt is so obviously weak as to undermine confidence in the verdict.  However, appellant=s brief does not specify: (1) which
facts or elements he contends the evidence was too weak to prove; (2) which
items of evidence were too weak to prove those facts; or (3) how or why that
evidence is too weak to prove those facts.[8]  Under these circumstances, appellant=s seventh and eighth points of error
do not demonstrate that the evidence is factually insufficient to sustain the
jury=s verdict.  Accordingly, they are overruled, and the
judgment of the trial court is affirmed.

 

/s/        Richard
H. Edelman

Justice

 

Judgment rendered and Memorandum
Opinion filed October 6, 2005.

Panel consists of Justices Fowler,
Edelman, and Guzman.

Do Not Publish C Tex.
R. App. P. 47.2(b).

 

 











[1]           A jury
found appellant guilty, and the trial court sentenced him to twenty-five years
confinement for each offense.





[2]           In
addition to the lack of harm, discussed below, appellant did not preserve these
points for appellate review because he did not object to the granting of the challenges
for cause.  See Tex. R. App. P.  33.1(a); Simpson v. State, 119
S.W.3d 262, 267 (Tex. Crim. App. 2003), cert. denied, 124 S.Ct. 2837
(2004).





[3]           Murphy
v. State, 112 S.W.3d 592, 598 (Tex. Crim. App. 2003), cert. denied,
541 U.S. 940 (2004); Ford v. State, 73 S.W.3d 923, 925 (Tex. Crim. App.
2002).





[4]           Ford,
73 S.W.3d at 925.





[5]           Appellant=s brief does, however, state that the prosecutor told
the jury that the female sexual organ healed quickly and that he obtained a
similar response from a nurse on the panel.





[6]           See
Yount v. State, 872 S.W.2d 706, 712 (Tex. Crim. App.1993); Aguilera v.
State, 75 S.W.3d 60, 65-66 (Tex. App.BSan
Antonio 2002, pet ref=d).





[7]           See
Weathersby v. State, 627 S.W.2d 729, 730 (Tex. Crim. App. 1982); Boyde
v. State, 513 S.W.2d 588, 590 (Tex. Crim. App. 1974); Mowbray v. State,
788 S.W.2d 658, 668 (Tex. App.BCorpus Christi 1990, pet. ref=d).





[8]           Appellant=s brief states that the complainant=s testimony was so devoid of essential detail that it
undermined its veracity, but does not direct us to anything in the record to
support this conclusion.