ACCEPTED
14-15-00167-CR
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
12/17/2015 1:11:08 PM
CHRISTOPHER PRINE
CLERK

No. 14-15-00167-CR

IN THE COURT OF APPEALS
FOR THE FOURTEENTH DISTRICT OF TEXAS

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
12/17/2015 1:11:08 PM
CHRISTOPHER A. PRINE
Clerk

## CARL DION LOVINGS
*Appellant*

v.

## THE STATE OF TEXAS
*Appellee*

On Appeal from Cause Number 1419029
From the 177th District Court of Harris County, Texas

## REPLY BRIEF FOR APPELLANT

ORAL ARGUMENT REQUESTED

**ALEXANDER BUNIN**
Chief Public Defender
Harris County, Texas

**JANI MASELLI WOOD**
Assistant Public Defender
Harris County, Texas
TBN. 00791195
1201 Franklin Street, 13th Floor
Houston, Texas 77002
Phone: (713) 368-0016
Fax: (713) 368-9278

**Counsel for Appellant**

## IDENTITY OF PARTIES AND COUNSEL

| | |
|---|---|
| Appellant: | Carl Dion Lovings |
| | Tdcj-id# 01984211 |
| | Michael Unit |
| | 2664 Fm 2054 |
| | Tennessee Colony, Tx 75886 |
| | |
| Prosecutors: | Cheryl Ann Williamson (Trial) |
| | Nick Socias (Trial) |
| | Carly Dessauer (Appellate) |
| | Assistant District Attorneys |
| | Harris County, Texas |
| | 1201 Franklin, 6th Floor |
| | Houston, Texas 77002 |
| | |
| Defense Counsel at Trial: | Gary Polland |
| | 2211 Norfolk St., Suite 920 |
| | Houston, Texas 77098 |
| | |
| Presiding Judge: | Hon. Ryan Patrick |
| | 177th District Court |
| | Harris County, Texas |
| | 1201 Franklin, 19th Floor |
| | Houston, Texas 77002 |
| | |
| Defense Counsel on Appeal: | Jani Maselli Wood |
| | Assistant Public Defender |
| | Harris County Public Defender's Office |
| | 1201 Franklin, 13th Floor |
| | Houston, Texas 77002 |

# Table of Contents

Identity of Parties and Counsel. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Table of Contents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Index of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Issue Presented. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

> The 248th District Court convicted Mary Koul of prostitution. District
> courts have no jurisdiction in prostitution cases unless the defendant has
> previously been convicted of prostitution three or more times. Mary had
> previously been convicted of prostitution five times. But in none of the
> previous five convictions did the trial court have jurisdiction of the case.
> Did the 248th District Court have jurisdiction of the prostitution case? . . . . . . 5

Reply Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

> *In a one witness trial, allowing the police officer to testify that a non-testifying complainant
> was credible., and failing to get a ruling on a valid objection, is ineffective assistance of counsel in this
> case.*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*The State's belief that the medical records were admissible under the business records exception is
wrong.*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Prayer.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Certificate of Service.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Certificate of Compliance.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

## INDEX OF AUTHORITIES

*Garcia v. State*,
  126 S.W.3d 921 (Tex. Crim. App. 2004)...............................7

*Weathersby v. State*,
  627 S.W.2d 729 (Tex. Crim. App. 1982)............................5, 6

Issues Presented

Issue One: A witness may not testify to the credibility of another witness. The responding police officer - and the sole witness at trial - testified he found the complainant credible. Defense counsel failed to preserve error on this issue. Did Mr. Lovings receive ineffective assistance of counsel at trial?

Issue Two: Statements made for purposes of medical diagnosis are an exception to the hearsay rule. The State presented "medical evidence" regarding Facebook posts and an argument description during closing argument with no objection. Did Mr. Lovings receive ineffective assistance of counsel at trial?

Mr. Loving relies fully on the facts and argument presented in his original brief.

He files this reply to the State's brief.

## REPLY ARGUMENT AND AUTHORITIES

*In a one witness trial, allowing the police officer to testify that a non-testifying complainant was credible, and failing to get a ruling on a valid objection, is ineffective assistance of counsel in this case.*

The State avers that although trial counsel failed to properly preserve error by

failing to get a ruling, there was a "strategy:"

> Given the trial court's response to this objection ["Let's move on], counsel may have strategically decided not to object to the additional evidence of Peterson's credibility based on the court's dismissal of the objection or based on a desire not to emphasize the evidence to the jury.

(State's brief a 7). Apparently, the attorney recognized there was a problem and

objected. Failing to follow through on the objection is ineffective. Failing to properly

object to the officer's testimony is reversible error:

> Two detectives testified to their opinions from their examination of the files in the case that appellant was guilty. This was improper, *Boyde v. State*, Tex.Cr.App., 513 S.W.2d 588, 590, yet no objection was made. Later, in jury argument, these opinions were again stated to the jury, and

still there was no objection:

> "And the key point here is a man that has had nothing to do with the prior investigation who is taking the statements, who is reading the whole file. And he believes that they committed the robbery, such that he goes down to the District Attorney's office, presents the file to the District Attorney's office and charges are filed, based on his experience and his beliefs.

> "I think I can emphasize this strong enough. Certain people have a finesse or ability to talk to other people, to elicit facts, to investigate. And this is what this detective is paid to do, what he is hired to do. And he states that he believes it to be and still does. He stated from the stand he knew Keith Barnes was in prison for this offense, the offense of aggravated robbery."

*Weathersby v. State*, 627 S.W.2d 729, 730 (Tex. Crim. App. 1982). This case is remarkably similar to Mr. Lovings's case. No objection was made to the following statement from the police officer:

> You never want to file a charge against someone if they're being accused of the crime if you don't believe that the person or persons that are witness against them are telling the truth.

(3 R.R. at 10-11). The State argued the credibility issue during punishment it in punishment, like the *Weathersby* case. There is no strategy in allowing a witness to vouch for the credibility of another.

*The State's belief that the medical records were admissible under the business records exception is wrong.*

The State argues that the inadmissible evidence from the medical records was, in fact, alternatively admissible under the business records exception:

Further, the record reveals that the objection proposed by appellant in his ineffective claim would have been frivolous as the complainant's records were also admissible under the business record exception to the hearsay rule.

(State's brief at 9). The complained of statements from the medical records are not admissible as a business record, as explained by the Court of Criminal Appeals:

The State laid a proper foundation for admission of the shelter's business records under Rule 803(6). The **records themselves were admissible, but that does not mean that all information, from whatever source or of whatever reliability, contained within those business records is necessarily admissible**. **When a business receives information from a person who is outside the business and who has no business duty to report or to report accurately, those statements are not covered by the business records exception. Those statements must independently qualify for admission under their own hearsay exception—such as statements made for medical diagnosis** or treatment, statements concerning a present sense impression, an excited utterance, or an admission by a party opponent. (Footnotes omitted)(emphasis added)

*Garcia v. State*, 126 S.W.3d 921, 926-27 (Tex. Crim. App. 2004). The statements by the complainant were made from someone "outside the business" and thus, inadmissible.

Mr. Lovings received ineffective assistance of counsel at trial.

## PRAYER

Appellant Carl Lovinngs respectfully prays that this Court reverse his conviction and remand for a new trial.

Respectfully submitted,

**ALEXANDER BUNIN**
Chief Public Defender
Harris County Texas

*/s/ Jani J. Maselli Wood*
_____
**JANI J. MASELLI WOOD**
Assistant Public Defender
Harris County Texas
1201 Franklin, 13th Floor
Houston Texas 77002
(713) 368-0016
(713) 368-4322
Jani.Maselli@pdo.hctx.net
TBA No. 00791195

## CERTIFICATE OF SERVICE

Pursuant to Tex. R. App. Proc. 9.5, this certifies that on December 17, 2015, a copy of the foregoing was emailed to counsel for the state (through texfile.com) at the following address:

Carly Dessauer
Assistant District Attorney
1201 Franklin Street, 6th Floor
Houston, TX 77002
Dessauer_Carly@dao.hctx.net

*/s/ Jani J. Maselli Wood*
_____
**JANI J. MASELLI WOOD**
Assistant Public Defender

CERTIFICATE OF COMPLIANCE

Pursuant to proposed Rule 9.4(i)(3), undersigned counsel certifies that this brief complies with the type-volume limitations of *Tex. R. App. Proc. 9.4(e)(i).*

1.      Exclusive of the portions exempted by TEX. R. APP. P. 9.4 (i)(1), this brief contains 1,416 words printed in a proportionally spaced typeface.

2.      This brief is printed in a proportionally spaced, serif typeface using Garamond 14 point font in text and Garamond 14 point font in footnotes produced by Wordperfect.

3.      Undersigned counsel understands that a material misrepresentation in completing this certificate, or circumvention of the type-volume limits in TEX. R. APP. P. 9.4(j), may result in the Court's striking this brief and imposing sanctions against the person who signed it.

*/s/ Jani J. Maselli Wood*
_____
JANI J. MASELLI WOOD